## El Banco de San Juan, Peticionario, v. La Corte de Distrito de San Juan, Demandada.

Solicitud para que se expida un auto de *certiorari* dirigido a la Corte de Distrito de San Juan, Distrito Primero, Hon. Charles E. Foote, Juez.

No. 419.—Resuelto en julio 28, 1923.

Síndico Nombrado Después de la Sentencia—Discreción de las Cortes.—Al revisar la actuación de una corte de distrito al nombrar un síndico, las cortes de apelación intervendrán solamente para corregir un claro abuso de discreción asumiendo que el derecho de nombrar está bien ejercitado dentro de las atribuciones de una ley como el artículo 182 del Código de Enjuiciamiento Civil de Puerto Rico, o bajo las prácticas de las cortes de equidad. Bajo tal artículo 182 una corte de distrito después de una sentencia tiene derecho a nombrar un síndico para conservar la propiedad mientras se resuelve una apelación. Por eso para los fines de la conservación de la propiedad una corte de distrito tiene amplia discreción para nombrar a un síndico y la cuestión principal es si abusó de su discreción.

Certiorari—Prueba Incluída al Récord—Discreción Judicial.—No constando en los autos elevados por *certiorari* una certificación aprobada por la corte, de la prueba oída por el juez inferior sobre la necesidad de conservar el *status quo* cuando estaba tramitándose una solicitud de sindicatura a petición del demandante favorecido por la sentencia, el Tribunal Supremo no está en condiciones de decidir si la corte de distrito abusó de su discreción al nombrar el síndico. El único medio de incorporar la prueba al récord es con la intervención del juez.

Id.—Id.—Asumiendo que la prueba que apreció el juez inferior estuviera debidamente ante el Tribunal Supremo, aparecería que existe confusión entre los dueños, tenedores y compradores de la finca en litigio a quienes ellos deben rendir cuentas; y habiendo resuelto la corte que había peligro de que las rentas no se conservasen para beneficio de quien tuviera derecho a ellas y que la finca no fuera debidamente administrada debido a los efectos de la sentencia en cuanto al título del peticionario, no es posible concluir que la corte abusara de su discreción al nombrar el síndico.

Los hechos están expresados en la opinión.

Abogados del peticionario: Sres. R. Sancho Bonet y J. Soto Rivera.

Abogado de la parte contraria: *Sr. L. Abella Blanco.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Para revisar la actuación de una corte de distrito al nombrar un síndico, las cortes de apelación intervendrán solamente para corregir un claro abuso de discreción asumiendo que el derecho de nombrar está bien ejercitado dentro de las atribuciones de una ley como el artículo 182 del Código de Enjuiciamiento Civil, o bajo las prácticas de las cortes de equidad.

Bajo tal artículo 182 una corte de distrito después de una sentencia tiene, entre otras cosas, derecho a nombrar un síndico para conservar la propiedad mientras resuelve una apelación. Por eso para los fines de la conservación de la propiedad una corte de distrito tiene amplia discreción para nombrar a un síndico y la cuestión principal es si abusó de su discreción como hemos indicado.

Para sostener el auto en este caso sería necesario para nosotros resolver que la corte cometió un abuso de discreción al nombrar un síndico. No podemos llegar a tal conclusión por las razones siguientes:

1. Pendiente la tramitación de la solicitud para el nombramiento de un síndico en la corte de distrito, esa corte oyó prueba sobre la necesidad de conservar el *status quo* e hizo una conclusión general apoyada por una opinión de que el nombramiento de tal síndico era necesario. La prueba así oída no ha sido certificada a nosotros con la aprobación de la corte y estamos sin un medio auténtico de revisar tal prueba. Es verdad que las notas taquigráficas han llegado a nosotros con los otros procedimientos en el caso, pero esas notas no han sido certificadas en ninguna forma. Hemos resuelto frecuentemente que el único modo de incorporar la prueba al récord es con la intervención del juez.

2. Suponiendo que la prueba estaba debidamente ante

nosotros aparecería de todo el récord, incluyendo la opinión del juez, que existe mucha confusión entre los dueños, tenedores y compradores de la finca en cuestión a quiénes ellos tienen que responder o a quién deben rendir sus cuentas. La corte resolvió además que había peligro de que los plazos y rentas no se conservasen para beneficio de la persona o personas que tuviesen derecho a ello, a menos que no fuesen cobrados por un administrador o síndico y que también existió otro peligro de que la finca no fuera debidamente administrada debido a los efectos de la sentencia en cuanto al título del Banco de San Juan, y hay que presumir que había prueba para apoyar esas conclusiones.

3. Aunque los casos reportados, algunos de ellos citados por el peticionario ratifiquen el punto de vista de que en caso de existir un conflicto en el título las cortes no nombrarán un síndico antes de la sentencia, a falta de una demostración del éxito probable del pleito y además algún otro elemento como quiebra o fraude por parte del demandado. Sin embargo, el peticionario no nos ha citado, y no hemos podido encontrar ningún caso que resuelva que tal punto de vista prevalece después de la sentencia; por el contrario los casos parecen indicar que después de una sentencia un síndico será nombrado sin una demostración tan fuerte y especialmente cuando se alegue fraude en la adquisición del título. *Smith* v. *White,* 86 N. W. 930; *Hayes* v. *Jasper Land Co.,* 41 *Southern* 909; *Whitney* v. *Buchanan,* 26 Cal. 448; Notas al caso de *Cameron* v. *Groveland Improvement Co.,* 72 A. S. R. 68, 70; *Thomas* v. *Timonds,* 159 N. W. 882; *Whyte* v. *Spransy,* 19 App. D. C. 450, y los alegatos de los abogados allí.

Sentimos la premura con que hemos tenido que resolver este caso en los últimos momentos de la sesión de la corte cuando teníamos tantos otros asuntos pendientes. Quedamos con algunas dudas, pero esas dudas tienen que resolverse en favor de la discreción de la corte. Para ejer-

citar la facultad de librar el auto de *certiorari* después de una sentencia dictada por la corte de distrito, el peticionario tendrá que demostrar un caso extraordinario, especialmente cuando se tiene en cuenta que hay una apelación contra una orden dictada después de la sentencia.

Debe anularse el auto expedido.

*Anulado el auto expedido.*

Jueces concurrentes: Sres. Asociados Aldrey y Franco Soto.

El Juez Asociado Sr. Hutchison firmó "Conforme con el resultado."

El Juez Presidente Sr. del Toro no intervino en la resolución de este caso.