BARTOLOMÉ PANIAGUA, peticionario, *v.* CORTE DE DISTRITO DE SAN JUAN, DISTRITO PRIMERO, HON. CHARLES E. FOOTE, JUEZ, demandado.

No. 485.—*Visto:* Mayo 18, 1925. *Resuelto:* Agosto 1, 1925.

DESACATO—PODER PARA CASTIGAR Y PROCEDIMIENTOS PARA ELLO—INCUMPLIMIENTO DE ORDEN DICTADA EN EXCESO DE JURISDICCIÓN. — Decretada una sindicatura después de sentencia (*receivership after judgment*) en un pleito cuyo único

objeto era reivindicar una propiedad inmueble, se trató por la sindicatura de intervenir con obligaciones o créditos que provenían del precio aplazado de ventas realizadas por el demandado a otras personas después del aviso litigioso. *Se resolvió:* que toda vez que las relaciones derivadas de tales ventas realizadas no tenían relación alguna con el *issue del pleito, la corte inferior carecía de jurisdicción* para extender su orden al cobro por el síndico de tales créditos.

CERTIORARI para revisar orden de *Charles E. Foote,* J. (Primer Distrito, San Juan), sobre restitución a una sindicatura de ciertas cantidades, la que dió origen a un procedimiento de desacato, y órdenes subsiguientes para mostrar causa y condenando al peticionario en dicho procedimiento. *Anuladas las órdenes.*

*Angel Arroyo,* abogado del peticionario.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Bartolomé Paniagua, como director del Banco de San Juan, fué condenado a sufrir la pena de quince días de cárcel por no cumplir cierta orden de la corte inferior en el incidente sobre el nombramiento de síndico que tuvo lugar en el pleito principal iniciado por Bernabé Sabalier contra Santiago Iglesias y el Banco de San Juan, pidiendo la nulidad de la venta de la finca "Melilla", disponiéndose por aquella orden que el Banco de San Juan hiciera entrega al síndico de todas las sumas recaudadas por concepto de obligaciones, créditos, rentas y alquileres de toda clase, adeudados por otras personas que estaban en posesión de solares de la finca principal objeto del litigio.

La corte inferior había dictado sentencia declarando con lugar la demanda, la que fué revocada por esta Corte Suprema en junio 19, 1925 (34.D.P.R. 352), y poco después de establecida por los demandados apelación contra la sentencia inferior se decretó el nombramiento de síndico y se nombró para desempeñar el cargo a Constantino Fernández con el fin de custodiar dicha finca con todos los edificios y mejoras, mientras durase la apelación y además "para que la conserve cobrando todos los alquileres, plazos, créditos y obligaciones de todas clases que adeuden las personas que estén en posesión de cualquier parte de la finca, bien sea

por compra o arrendamiento del Banco de San Juan, o por cualquier otra persona, y para que pague las contribuciones, etc.''

Con objeto de revisar la actuación de la corte inferior sobre el nombramiento de síndico, se presentó entonces un recurso de certiorari por el Banco de San Juan ante nos. El auto se expidió, pero finalmente se anuló porque la prueba que oyó la corte inferior no pudo ser considerada por no haberse incorporado al récord y porque existiendo algunas dudas por no conocerse los hechos jurisdiccionales del incidente tuvieron que resolverse en favor de la discreción de la corte inferior, pero se resolvió también que había otro recurso, o sea, el de apelación contra la orden dictada después de sentencia. *El Banco de San Juan* v. *La Corte de Distrito de San Juan,* 32 D.P.R. 392–5.

Se desprende, pues, que la cuestión de jurisdicción o de si hubo exceso de tal facultad en el juez inferior por extender su orden a cosas o derechos no discutidos ni planteados entre las partes principales en el litigio, no fué levantada entonces ni fué resuelta en el caso de El Banco de San Juan, *supra.*

Después de esta última decisión, en abril 3, 1924, se dictó una resolución ordenando al Banco de San Juan restituir a la sindicatura el montante de las cantidades que percibió desde mayo 23, 1923, a julio 31, 1923, por concepto de obligaciones, y créditos, pagados al banco por las personas en posesión de solares en la finca ''Melilla.''

El Banco de San Juan no dió cumplimiento a dicha orden, por lo que el síndico inició primeramente un procedimiento por desacato contra la corporación demandada y luego contra sus directores, lo que dió por resultado haber declarado la corte inferior culpable de desacato al peticionario y dando origen a la presente petición de certiorari para que revisemos la orden de 3 de abril de 1924 y órdenes subsiguientes.

El único objeto de la demanda establecida por Sabalier

contra Iglesias y el Banco de San Juan era la reivindicación de cierta propiedad inmueble conocida por finca "Melilla." La demanda se anotó preventivamente en el Registro de la Propiedad de acuerdo con el artículo 91 del Código de Enjuiciamiento Civil. No hay duda que esta anotación aseguraba el derecho al demandante para recuperar la finca contra cualquier comprador del todo o parte de la finca *pendente lite,* ya que siendo la razón de la anotación de la demanda la de asegurar la efectividad de la sentencia, ésta surtiría efecto legal contra los compradores del mismo modo que si ellos fueran parte en el litigio por estar representados sus derechos por el vendedor demandado, o sea, el Banco de San Juan.

"El comprador *pendente lite* no es una parte necesaria porque su vendedor continúa como representante de sus intereses." 17 R. C. L. 1031, sec. 28, nota 17.

"Está bien establecido, con respecto a terrenos, que cuando existe un pleito pendiente sobre ellos, una persona que compra, *pendente lite,* bajo título derivado del demandado, está sujeta a los efectos de una orden de posesión si la misma es finalmente dictada en virtud de la sentencia en el pleito. Esta regla se aplica bien que la persona que adquiera un interés, lo haga como comprador, arrendatario o de otro modo. Más aún, se ha resuelto que todas las personas que entren en posesión de terrenos después de establecida una acción sobre los mismos, se presume que derivan su título del demandado y *prima facie* deben desalojarlos en virtud de la orden de posesión si el demandante obtiene sentencia favorable." 17 R. C. L. 1032.

Si esto es así, ¿qué alcance puede tener la orden de abril 3, 1923, en cuanto se refiere a obligaciones y créditos que representen el precio aplazado de ventas realizadas por el banco a terceras personas después del aviso litigioso?

Basta pensar que si la sindicatura tuvo por objeto la custodia y conservación de una finca en virtud de una sentencia en primera instancia en que se reconocía el dominio del demandante, no parece consistente con tal dominio y más bien aparecería con él incompatible tratar de intervenir con obligaciones o créditos que provienen del precio apla-

zado de ventas realizadas a su vez por la demandada a otras personas. No encontramos explicación legal en la actitud del demandante toda vez que no teniendo ninguna relación con el *issue* del pleito las relaciones que se deriven de las ventas realizadas por el banco, la corte inferior carecía de jurisdicción para extender su orden al cobro por el síndico de tales créditos. Tal vez la única explicación que parecería plausible era proteger a los compradores por el riesgo que corrían con la reclamación del demandante, pero se verá, sin embargo, que ellos estaban protegidos por el artículo 1405 del Código Civil para suspender el pago del precio o plazos pendientes o pedir su afianzamiento, pero ésta era una cuestión en la que no tenía que inmiscuirse el demandante por ser del interés exclusivo de aquellas personas y el Banco y si no hicieron dichas personas uso de la protección que les daba la ley, ellas eran las que tenían que correr el riesgo de las consecuencias de sus propios actos.

Asumiendo, por otro lado, que la corte inferior admitiera implícitamente, como quizá pudiera inferirse de su resolución sosteniendo el desacato, que las obligaciones o créditos de referencia procedían de ventas realizadas por el Banco antes de iniciarse el pleito o de anotarse la demanda, si bien a los contratos originales se les dió la forma de arrendamiento, entonces la situación seguramente sería más favorable al peticionario.

A los adquirentes no se les podía considerar compradores *pendente lite* y como corolario ni la sentencia ni su incidente la sindicatura podían surtir efecto legal para ellos a menos que se les hubiera hecho parte en los procedimientos.

La verdadera doctrina legal en cuanto a esa clase de compradores ya su título tenga el carácter "legal" o el "equitativo," está bien resumida en los siguientes comentarios:

"Mientras no haya un pleito pendiente no puede existir un comprador *pendente lite*, y una persona cuyos intereses han sido adqui-

ridos antes de comenzarse la acción contra su vendedor no estará sujeta a sus resultancias.   Esto es igualmente cierto donde el estatuto exige la anotación de un aviso como comienzo del *lis pendens,* y los derechos adquiridos antes de tal anotación no son afectados. Las personas cuyos intereses fueron adquiridos antes de comenzarse la acción deben ser hechas partes en la misma si es que han de ser afectadas por su resultado, y un interés adquirido antes del pleito por una tercera persona puede ser traspasado después de su comienzo, libre del resultado del litigio si el que traspasa no es parte en el mismo.   Y no es siempre necesario para la aplicación de esta regla que el interés existente al comienzo del pleito esté revestido del título legal, pues se ha resuelto frecuentemente que la pendencia de un pleito en que está envuelto el título legal de una propiedad no afectará al tenedor de un derecho equitativo anteriormente adquirido de modo de impedir su investidura con el título legal.''   17 R. C. L. páginas 1028–1029.

*La corte inferior no tuvo, por consiguiente, jurisdicción para dictar la orden de abril 3, 1924, y las subsiguientes de mayo 12, 1924, para mostrar causa, y de junio 26, 1924, que declara culpable de desacato al peticionario por no cumplir las órdenes arriba citadas, por lo cual se declaran nulas y sin ningún efecto legal.*

El Juez Asociado Sr. Wolf disintió.