SUCESIÓN DE JOSÉ ANTONIO RODRÍGUEZ, COMPUESTA DE VENAN-
CIO, FERNANDO, MIGUEL ANGEL, NARCISO Y MARÍA LUISA, Y
LA SUCESIÓN DE ANTONIO RODRÍGUEZ OLIVA, COMPUESTA DE
CARMEN, LUCIANO Y JOSÉ ANTONIO RODRÍGUEZ, recurrentes,
*v.* EL REGISTRADOR DE SAN GERMÁN, recurrido.

No. 626.—*Sometido:* Enero 14, 1926. *Resuelto:* Febrero 26, 1926.

1. LIS PENDENS—TRASPASOS HECHOS ANTES O DESPUÉS DE INICIADO UN PLEITO—
PERSONAS A QUIENES AFECTA LA SENTENCIA DICTADA—PERSONAS NO COM-
PRADORAS PENDENTE LITE.—Declarada la nulidad de cierta adjudicación—
hecha en partición en que tenían interés menores y no medió autorización
judicial—así como una venta subsiguiente y ordenada la cancelación de las
respectivas inscripciones, la declaración de nulidad no surte efecto legal con-
tra uno que, no siendo comprador *pendente lite, no* fué parte en el procedi-
miento en que tal declaración se hizo.

2. INSCRIPCIONES—CANCELACIÓN—EXCEPCIÓN DEL ARTÍCULO 34 DE LA LEY HIPO-
TECARIA—A QUIÉN INCUMBE DECLARAR SI UNA INSCRIPCIÓN ESTÁ O NÓ COM-
PRENDIDA EN LA EXCEPCIÓN.—La declaración de si una inscripción cuya can-
celación se pretende está o nó comprendida en el artículo 34 de la Ley Hipo-
tecaria incumbe no a los registradores sino a los tribunales de justicia.

3. INSCRIPCIONES—CANCELACIÓN—INSCRIPCIÓN A FAVOR DE COMPRADOR NO PEN-
DENTE LITE—DECLARACIÓN DE NULIDAD Y CANCELACIÓN, CUÁNDO PUEDE ANU-
LAR DICHA INSCRIPCIÓN.—Para que una sentencia que declara la nulidad de
cierta adjudicación y venta subsiguiente y ordena la cancelación de las ins-
cripciones respectivas pueda tener el alcance de anular una inscripción hecha
a favor de otro que no fué comprador *pendente lite,* éste debe haber sido
oído y vencido en juicio.

4. INSCRIPCIONES—CANCELACIÓN— INSCRIPCIONES EXTINGUIDAS POR OTRAS. — Una
inscripción extinguida por inscripciones de transferencias de dominio no
puede cancelarse mientras no se cancelen o anulen aquellas inscripciones.

NOTA de *Gómez Lasserre,* R. (San Germán), denegando la cancela-
ción de ciertas inscripciones. *Confirmada.*

*Luis Capó Matres,* abogado de los recurrentes; el registrador com-
pareció por escrito.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del
tribunal.

En las operaciones de partición y liquidación de bienes
relictos al fallecimiento de Arturo Rodríguez Valdés en la
que teniendo interés, entre otros, menores de edad en su ca-
rácter de herederos, se adjudicó a Arturo Rodríguez Cruz
como acreedor, por la suma de $300, una finca rústica con
una cabida de 235 hectáreas, 82 áreas y 37 centiáreas, radi-

cada en los barrios de "Rancheras" y "Frailes," del término municipal de Yauco.

El acreedor vendió la finca a Julio Sebastián Busigó y Acosta y luego los herederos menores de edad, fundándose en que no medió autorización judicial para la adjudicación ni se llenaron los trámites legales para la venta de bienes de menores por causa de utilidad y necesidad, iniciaron un pleito pidiendo la nulidad de la adjudicación y venta, así como sus inscripciones en el registro de la propiedad como medio de obtener en definitiva la reivindicación del inmueble.

La Corte de Distrito de Ponce declaró con lugar la demanda accediendo a lo solicitado por los demandantes y ordenó la ejecución de la sentencia expidiéndose mandamiento al Registrador de la Propiedad de San Germán para que cancelara los asientos de inscripción verificados a favor del adjudicatario y de la subsiguiente venta al comprador Busigó.

El registrador denegó lo solicitado consignando en el documento la siguiente nota:

"Denegadas las cancelaciones de inscripciones que se ordenan en el documento que precede a virtud de sentencia de la Hon. Corte de Distrito de Ponce, y extendida en su lugar anotación preventiva durante el término de 120 días a favor de los demandantes expresados en dicho documento, al folio 80 del tomo 49 de Yauco, finca No. 1981 duplicado, Anotación letra A, por las razones siguientes: porque del registro aparece que los asientos de inscripciones 2ª y 3ª referidos en dicho documento y cuya cancelación se ordena por el mismo, no existen ya por haber sido transferido completamente el derecho que revelaban a favor de Diego Vélez Gotay, tercero, que lo tiene inscrito por título de compraventa de la finca antes expresada según la inscripción 6ª al folio 79 del tomo 49 de Yauco, por lo que no caben las susodichas cancelaciones, ni a nada conduce, porque se trata de asientos muertos y ha de subsistir el de la expresada inscripción 6ª que de aquellos y de la 5ª de igual número recibió vida, al amparo de lo dispuesto en el Artículo 34 de la Ley Hipotecaria; y además porque tampoco aparece de la mencionada sentencia que el referido titular haya sido oído y vencido como demandado en el pleito que la motivó."

[1] Según podemos deducir de la nota, la demanda no parece que fué anotada en el registro para dar aviso a sucesivos compradores, por ninguno de los medios que autoriza la ley.

Busigó a su vez había transmitido la finca a Diego Vélez Gotay haciendo su inscripción en el registro y ya se hiciese dicho traspaso antes o después de iniciado el pleito, resulta del mismo registro que cuando se fué a dar cumplimiento a la orden de ejecución de la sentencia, existía un tercer poseedor que no había sido parte en el procedimiento.

Los recurrentes insisten, sin embargo, que habiendo declarado la corte inferior nula la adjudicación de la finca al acreedor Rodríguez Cruz, su inscripción en el registro no podía servir de base para transferir derechos inexistentes y que el registrador debió cancelar todas las inscripciones sucesivas pues si alguien se consideraba perjudicado podía acudir a ventilar su derecho ante los tribunales. Nada más erróneo. No siendo Diego López Gotay un comprador *pendente lite* la sentencia de la corte inferior, a pesar de su declaración de la nulidad de la adjudicación, no surtía efecto legal para él, a menos que se le hubiese hecho parte en el procedimiento. *Paniagua* v. *Corte de Distrito,* 34 D.P.R. 674–8.

[2] No estamos conformes, sin embargo, con el registrador cuando entra en los méritos del derecho que puede asistir en su fondo a Vélez Gotay, aplicando por sí mismo el artículo 34 de la Ley Hipotecaria. Al menos así aparece de la nota en su primera parte, y de su argumentación cuando dice:

" * * * Si existía un defecto que invalidaba la inscripción segunda citada que practicó uno de mis antecesores en el cargo, pasó desapercibido al mismo, y el comprador de la finca Vélez Gotay de su vendedor Busigó que tenía inscrito su título por la inscripción quinta citada no estaba obligado a examinar con el microscopio todas las inscripciones, sino que el defecto debió ser razonablemente aparente de la susodicha inscripción segunda."

Basta contestar a esto lo que dice, en síntesis, la resolución de la Dirección de los Registros de 29 de noviembre de 1884:

"Es preciso, para que una inscripción se cancele, o que consienta en ella el interesado, o que se ventile si está o nó comprendida en la excepción del artículo 34 de la ley, y tal declaración incumbe sólo a los Tribunales de Justicia."   Odriozola 201.

[3, 4] El verdadero motivo para la negativa no es que no se puedan cancelar los asientos de las inscripciones 2ª y 3ª a que se refiere la nota, precedentes a la inscripción hecha a nombre de López Gotay en virtud de lo que dispone el artículo 77 de la Ley Hipotecaria, sino que se hace indispensable obtener la nulidad de esta última inscripción para que así se declaren y queden canceladas aquellas inscripciones.   No debe entenderse por esto, sin embargo, que demos a López Gotay el carácter de tercero, pues sólo a los efectos del registro queremos significar que la sentencia de la corte inferior para tener el alcance de anular su inscripción, debió anotarse la demanda en el registro, como se ha dicho antes, y no habiéndose hecho tal cosa, López Gotay debe ser oído y vencido en juicio.

Para más claridad véase la Resolución de la Dirección de los registros de 21 de junio, 1899, que en resumen dice:

"Cuando la inscripción de un asiento, cuya cancelación se pretende, por haber sido declarado nulo, ha quedado extinguida, según lo dispuesto en el art. 77 de la Ley Hipotecaria, por las inscripciones de transferencia de dominio de la finca practicada en virtud de varias escrituras de venta, no puede, por tanto, cancelarse mientras no se cancelen o anulen aquellas inscripciones, toda vez que, según ha declarado este Centro en resolución de 29 de Noviembre de 1881, no es posible cancelar un asiento que ha quedado extinguido legalmente."   Odriozola 206.

*Por todo lo expuesto debe confirmarse la nota recurrida.*