Luce & Co., S. en C., demandante y apelante, *v.* Rosario Cintrón, Viuda de Capó, demandada y apelada.

No. 4260.—*Visto:* Marzo 12, 1928. *Resuelto:* Julio 12, 1928.

*José Tous Soto* y *F. Zapater,* abogados de la apelante; *José A.* y *Alberto Poventud, F. Parra Capó* y *E. Capó Cintrón,* abogados de la apelada.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Luce & Co., S. en C. presentó una demanda en la Corte de Distrito de Guayama dirigida contra doña Rosario Cintrón, viuda de Capó alegando en ella tres causas de acción.

Por la primera se solicita que se declaren nulas la inscripción obtenida por la demandada en el registro de la propiedad a favor de su esposo fallecido, de cierta finca de cuarenta y dos cuerdas y la rectificación de la inscripción de otra finca conocida con el nombre de *Caimital* como contentiva de trescientas cuerdas.

Por la segunda se solicita que se declare que corresponde a la demandante cierta finca de ochenta cuerdas compuesta de dos parcelas que se halla localizada en los planos levantados por los agrimensores Runge (parcelas segunda de 39.5 cuerdas y tercera de 43), Clausells (parcelas de 42 y 40 cuerdas) y Caballero (parcelas de 37.48 y 40.10 cuerdas).

Y por la tercera se solicita que se ordene por la corte que se mantenga a la demandante en la posesión y disfrute de la finca de ochenta cuerdas, prohibiéndose a la deman-

dada por sí o por intervención de cualquiera otra persona que despoje o perturbe o intente despojar o perturbar a la demandante en dicha posesión a pretexto de ejecutar la sentencia en el caso No. 3691, seguido ante la Corte de Distrito de Guayama por Rosario Cintrón viuda de Capó contra A. Hartman y Co., sobre cumplimiento de contrato, o de cualquier otro modo, condenando a la demandada en costas, desembolsos y honorarios de abogado.

Y contiene además la demanda la siguiente petición:

"Y asimismo suplicamos de esta Honorable Corte que durante la pendencia de esta acción se decrete un injunction provisional contra la demandada previa la fianza que determine esta Honorable Corte, prohibiéndole que en tanto esté pendiente el presente pleito despojo o perturbe o intente o trate de despojar o perturbar a la demandante de la posesión de la finca de 80 cuerdas según se describe y localiza en la demanda, a pretexto de ejecutar la sentencia en el caso No. 3691 seguido ante la Corte de Distrito de Guayama por Rosario Cintrón viuda de Capó vs. A. Hartman & Co. sobre cumplimiento de contrato o de cualquier otro modo."

La corte inmediatamente libró una orden señalando día para que la demandada compareciera a exponer razones por virtud de las cuales no debiera decretarse el *injunction pendente lite* solicitado, poniéndola entre tanto en entredicho, previa prestación de fianza por dos mil quinientos dólares.

La parte demandada compareció y contestó la demanda excepcionándola por no alegar en ninguna de sus tres causas hechos suficientes para constituir acción, juntas ni separadamente, y negó algunos hechos y aceptó otros en relación con las tres causas de acción, exponiendo ampliamente todo lo que a su derecho convino.

Como materia nueva alegó, en resumen:

Que por escritura pública otorgada en 1923 la demandada vendió a M. J. Oben, actuando éste como trustee y para beneficio de la demandante, 248 cuerdas de terreno que se segregaron de la estancia *Caimital* de 288 cuerdas, en cuya

escritura se expone y reconoce por las partes que la dicha estancia se componía de 300 cuerdas menos diez o doce que se segregaron para formar la finca *Margarita,* que la demandada se encontraba sólo en posesión de 246 cuerdas que fueron las vendidas a Oben describiéndose como colindando al norte con el resto de la finca *Caimital,* resto que constituye el predio de 38 cuerdas que se discute y que Oben se obligó a comprar a la demandada para Luce & Co. a virtud de una opción en la que se consigna expresamente la pendencia del pleito de la demandada contra A. Hartman y Co., reconociéndose también en la escritura por las partes que la finca vendida lindaba al norte con Juan Ignacio Capó, hoy la demandada, colindancia que no era otra que con la finca de 42 cuerdas repetidamente mencionada en la demanda, todo lo cual constituye un "estoppel by deed" que impide a la actora ejercitar su acción; ·

Que en 1918 la demandada presentó demanda en la Corte de Distrito de Guayama contra A. Hartman y Co. antecesora en título de la demandante en la que después de describir sus propiedades de 288 (*Caimital*) y 42 y 10 cuerdas, así como tres fincas de A. Hartman y Co. de 246 (*Olimpo*), 80 y 25 cuerdas, solicitó sentencia a su favor declarando que la misma era dueña de sus dichas tres fincas y también de una parte del exceso de 18.70 cuerdas que el agrimensor nombrado por ambas partes transigiendo diferencias y reconociendo los títulos de·la demandada, dictaminó que sobraban después de dar a cada una de las seis fincas su respectiva cabida; que dicha demanda se anotó en el registro de la propiedad de Guayama en 1916; que A. Hartman y Co. contestó y contrademandó alegando que las 42 y 38 cuerdas de la demandada no pudieron localizarse por coincidir con sus 80 cuerdas, negando el título de dominio de la demandada sobre las 42 y 38 cuerdas, por el fundamento de que dichas porciones constituian las mismas 80 cuerdas que habían adquirido de José Mariano Capó y solicitando a virtud de la alegada duplicidad de títulos sentencia a su favor

y en contra de la demandada desestimando su demanda y declarando nulo el contrato de transacción y mensura, igualmente nulas las inscripciones en el registro y que las dichas fincas le pertenecían; que practicada la prueba la corte dictó sentencia en 1921 favorable a la demandante; que apelada dicha sentencia fué confirmada por la Corte Suprema de Puerto Rico y que apelada de nuevo a la Corte de Circuito de Apelaciones del Primer Circuito, fué también allí confirmada con la circunstancia de haberse declarado sin lugar una reconsideración que reafirma el criterio de la Corte de Circuito en el sentido de haberse resuelto por el pleito el conflicto de títulos existente, y que, según se admite en la demanda, Luce y Co., S. en C., compró de A. Hartman y Co. con posterioridad a la anotación de la demanda de la demandada contra A. Hartman y Co. por lo que está en "privity" y es sucesora en título de ella.

Termina la contestación suplicando que se declare sin lugar en todas sus partes la demanda, que no se acceda al libramiento del *injunction* solicitado y que se impongan las costas, desembolsos y honorarios de abogado a la demandante.

Así las cosas, ambas partes comparecieron a los solos efectos del *injunction preliminar*, practicándose prueba. La corte de distrito consideró la cuestión sometídale y por los fundamentos consignados en una larga opinión, se negó a expedir el *injunction pendente lite* solicitado, y dejó sin efecto su orden de entredicho.

No conforme Luce y Co. S. en C. apelaron para ante esta Corte Suprema señalando en un alegato impreso que contiene 93 páginas la comisión de trece errores. La otra parte también presentó otro alegato impreso que alcanza a 84 páginas. Se trata de un pleito que ha venido debatiéndose por años y de abogados de gran sabiduría.

No seguiremos a éstos en la discusión detallada de los errores. Para ello tendríamos en verdad que prejuzgar la decisión del pleito en su fondo.

Hemos leído cuidadosamente la demanda y la contestación, hemos examinado la prueba que está formada principalmente por los autos del pleito anterior resuelto por tres cortes y hemos analizado los hechos a la luz de las opiniones emitidas y de las sentencias dictadas y a virtud de todo ello entendemos que ejercitó bien su juicio la corte de distrito al negarse a expedir la orden de *injunction pendente lite* solicitada.

Desde 1906 esta Corte Suprema, por medio de su Juez Asociado Sr. Figueras, en el caso de *Pereira* v. *Villafaña*, 10, D.P.R. 11, 15, se expresó así:

"Los mandamientos de *injunction* no deben concederse sino con gran cautela y solamente en casos donde la razón y la necesidad son claros. La concesión precipitada e inconsiderada de mandamientos de *injunction* es peligrosa tanto para los intereses económicos del país, como para los derechos de las partes y los bien sentados precedentes de los tribunales."

Aparentemente el caso que ahora levantan Luce y Co. S. en C. fué juzgado y decidido en el pleito seguido por la viuda de Capó contra A. Hartman y Co., y como Luce y Co. S. en C. adquirieron con conocimiento de dicho pleito según se desprende de sus propias alegaciones, están obligados por el fallo dictado en el mismo.

Las sentencias de los tribunales se pronuncian para cumplirse. Es cierto que en este nuevo pleito se alega el fraude, pero ello no es bastante para detener el curso de la justicia adjudicada. La prueba aportada y la hábil argumentación del letrado de la parte apelante pudieran ser bastantes para levantar dudas en la conciencia del juzgador, pero no en el grado suficiente para resolverse a dejar sin efecto aunque sea transitoriamente lo ya juzgado.

No vemos que sea de tal modo necesario el *injunction* para evitar la multiplicidad de procedimientos, que constituya un argumento tan poderoso para expedirlo que deba revocarse la resolución apelada. Si a la sociedad demandante le asiste la razón, medios tiene en la ley para garan-

tizar el fallo que pueda dictarse sin temor de que surjan en el futuro múltiples litigios.

*Debe confirmarse* la resolución apelada.