Juan Rivera Michel, recurrente, *v.* El Registrador de la Propiedad de Caguas, P. R., recurrido.

No. 749.—*Sometido:* Diciembre 2, 1929. *Resuelto:* Enero 21, 1930.

*Andrés Mena,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

En una moción solicitando la cancelación de una hipoteca, el deudor hipotecario, Juan Rivera Michel, alegaba que en febrero 9, 1925, el acreedor hipotecario, Manuel Garrido Farizo, cedió la hipoteca a José Garrido Farizo; que José Garrido Farizo murió intestado en julio de 1927, y que no se había hecho declaratoria judicial alguna de herederos; que en acción de daños y perjuicios entablada por Isabel Polanco Santiago contra María Puig, John Doe y Richard Roe, como herederos desconocidos y como componentes de la sucesión de José Garrido Farizo, dicha hipoteca fué embargada, y el embargo anotado en el registro de la propiedad; que en noviembre 26, 1927, se dictó sentencia a favor de la demandante, y el márshal, en 18 de abril de 1928, vendió la citada hipoteca a Félix Baerga, pero que el registrador de la propiedad se negó a inscribir la escritura otorgada por el márshal; y que el supradicho Juan Rivera Michel había consignado la cantidad adeudada por concepto de esa hipoteca en la secretaría de la corte.

En agosto 29, 1928, la corte de distrito ordenó que la consignación fuese satisfecha a Félix Baerga como dueño de la hipoteca, y ordenó la cancelación de ésta y de su inscripción en el registro.

El 17 de mayo de 1929 se anotó un aviso de *lis pendens* en el registro de la propiedad, demostrativo de que en mayo 1°. María Puig Torres, Antonio Garrido y Vicenta Farizo habían instado acción para anular los procedimientos judiciales y por daños y perjuicios contra Isabel Polanco Santiago, Antonio L. López, Félix Baerga, Juan Delfaus y Jacinto Polanco, en la cual solicitaban los demandantes que la venta pública y la adjudicación de la hipoteca en cuestión a favor de Félix Baerga fuesen declaradas nulas y sin efecto alguno, y que el demandado Baerga, en unión a los otros demandados, fuese compelido a pagar a los demandantes la cantidad de $10,000 por daños y perjuicios, así como las costas, desembolsos y honorarios de abogado—además, que una transacción habida en cierto pleito entre un administrador judicial (Jesús Rivera) e Isabel Polanco Santiago fuese declarada nula e ineficaz, y que la sentencia dictada contra la viuda y herederos de José Garrido Farizo fuera declarada carente de valor y eficacia.

En septiembre 23, 1929, el registrador de la propiedad se negó a cumplir la orden de la corte de distrito decretando la cancelación de dichas inscripciones, fundándose en que la hipoteca de que se trata estaba sujeta al aviso de *lis pendens*.

■■ La venta judicial, la adjudicación a Félix Baerga, el traspaso a favor de él, la consignación hecha por Juan Rivera Michel de la suma adeudada por concepto de la hipoteca, la orden de pago a Baerga del dinero así consignado, y la órden sobre la cancelación de la hipoteca y de los asientos en el registro fueron todos hechos antes de radicarse el aviso de *lis pendens,* y antes de entablarse la acción a que en el mismo se hace referencia. Baerga no fué un comprador *pendente lite.* Ninguna de las órdenes de que se trata fué

hecha *pendente lite (Paniagua* v. *Corte de Distrito,* 34 D.P. R. 674). La hipoteca se extinguió con el pago. La inscripción no cancelada de la misma en el registro no podía mantenerla con vida. La radicación posterior de un aviso de *lis pendens* no podía resucitarla. La anotación de tal aviso en el registro no actúa retroactivamente, y no es óbice para que se cumpla una orden anterior de cancelación del asiento de inscripción de una hipoteca ya extinguida.

*La nota recurrida debe ser revocada.*