Banco Popular de Puerto Rico, en su carácter de liquidador del Banco Comercial de Puerto Rico; y El Crédito y Ahorro Ponceño, demandantes y apelantes, v. Sucesores y Herederos de Baltasar Mendoza Martínez, o sean su viuda Irene Carattini Cartagena, sus hijos Fernando, Hipólito, Irene y Ofelia Mendoza y otros, demandados y apelados.

Núm. 8105.—*Sometido*: Febrero 20, 1940. *Resuelto*: Noviembre 8, 1940.

*C. Domínguez Rubio* y *L. Domínguez Rovira*, abogados de los apelantes; *Antonio J. Amadeo*, abogado de la Sucn. de Amador Trías, apelada.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

En abril 30, 1930, Baltasar Mendoza Martínez suscribió un pagaré, al portador y a su presentación, por la suma de

$66,000 con intereses al 10 por ciento. El mismo día otorgó hipoteca sobre 19 fincas rústicas, distribuídas en distintas cantidades, para garantizar el pagaré. Mendoza tomó a préstamo la suma de $46,000 del Banco Comercial de Puerto Rico y $20,000 del Crédito y Ahorro Ponceño. El referido día entregó a los dos bancos el pagaré en garantía de los préstamos. Resultó más tarde que doce de las fincas estaban previamente hipotecadas.

En noviembre 18, 1937, los aludidos bancos radicaron una petición para ejecutar siete de las fincas que garantizaban varias sumas hasta el importe total de $18,500. Sobre algunas de estas fincas había gravámenes posteriores a la inscripción de la hipoteca.

Baltasar Mendoza falleció en 1932. Se demandó a sus herederos, y todos los acreedores o tenedores de gravámenes posteriores fueron incluídos como partes.

Al escrito inicial se acompañó un certificado del Registrador de la Propiedad de Guayama fechado el 16 de noviembre de 1937, demostrativo de que sobre dichas propiedades pesaban varios gravámenes posteriores. Ese certificado demostraba además que la sucesión de Amador Trías Silva había demandado a un número de personas entre las cuales figuraba Baltasar Mendoza, y solicitado que se anotara la demanda al margen de la inscripción de la finca descrita bajo el número 5 en la petición. También se decía en el certificado que la anotación había sido denegada toda vez que no se desprendía que la sucesión Trías había demandado a la sucesión Mendoza y la finca en cuestión ya no estaba inscrita a nombre de Mendoza sino a nombre de sus herederos. El registrador rehusó hacer la anotación marginal y en septiembre 18, 1937, tomó anotación preventiva por 120 días, que expiraban en enero 16, 1938.

El auto de requerimiento fué expedido y el márshal notificó a los deudores. Pablo Léctora, persona particular, a instancias de los demandantes, notificó a los acreedores posteriores, mas según su diligenciado la sucesión Trías no pudo

ser hallada. La dirección de los herederos no aparecía del registro.

Se publicaron también los edictos durante el término fijado por la ley. En junio 8, 1938, los peticionarios radicaron una petición enmendada y acompañaron a ella un nuevo certificado del registrador expedido en mayo 28, 1938. De acuerdo con este certificado, la sucesión Trías designó a los herederos de Baltasar Mendoza como sustitutos de éste en el referido pleito, y a instancias de ella el registrador anotó un aviso de demanda en el caso 7296, sobre ''Nulidad de procedimientos ejecutivos y reivindicación'', iniciado ante la Corte de Distrito de Guayama. De dicho certificado también se desprende que la anotación de demanda fué hecha al margen de la séptima inscripción de la finca marcada con el núm. 5 en la petición, y que la anotación fué hecha en febrero 11, 1938. Aun se desconoce la dirección de los herederos.

El 10 de junio de 1938 se libró un nuevo auto de requerimiento que fué notificado por el márshal a los deudores y por alguien a los acreedores posteriores; mas no parece haberse hecho esfuerzo alguno para notificar a la sucesión Trías.

Se publicó un nuevo edicto cuyo epígrafe lee así:

''(Título del caso.) Estados Unidos de América, el Presidente de los EE. UU., SS: El Pueblo de Puerto Rico, a los sucesores y herederos de don Baltasar Mendoza Martínez, o sea su viuda doña Irene Carattini Cartagena; sus hijos, Fernando, Hipólito, Irene y Ofelia Mendoza; a Cristóbal Dávila; Banco Territorial y Agrícola de Puerto Rico; West India Oil Company; The National City Bank of New York (acreedores embargantes posteriores). Y específicamente, a la sucesión de Amador Trías Silva, compuesta de su viuda Adela Dufrend y sus hijos Arturo, Miguel Angel, Estela, José A. y Josefa Matilde Trías Dufrend (anotantes de una demanda).''

El edicto contiene la hora, el día y el lugar en que se habría de efectuar la venta. En la subasta todas las propiedades fueron adjudicadas a los demandantes. Éstos solicitaron entonces de la corte que dictara una orden cancelando

todos los gravámenes posteriores. La corte dictó dicha orden en octubre 7, 1938, excepto en lo que se refería a la anotación de demanda en favor de la sucesión Trías, toda vez que ésta no había sido notificada del auto de requerimiento o en su defecto de la fecha y sitio en que se celebraría la subasta.

En octubre 13 los demandantes solicitaron la reconsideración y alegaron:

Que los herederos de Trías eran tenedores de gravámenes mas no acreedores, y que aunque lo fueran, no tenían que ser notificados del auto de requerimiento a no ser que su dirección apareciera del registro; y que habían sido notificados expresamente por el edicto de la fecha y sitio de la subasta.

La moción fué vista en noviembre 7, 1938, y resuelta en septiembre 5, 1939. La corte reconsideró su orden original y aceptó el criterio de los apelantes al efecto de que los herederos de Trías no eran acreedores y que, por ende, no era necesario notificarles con copia del auto de requerimiento, y dijo que los fundamentos de su resolución original eran erróneos.

La corte, sin embargo, sostuvo su resolución por distintos motivos. Éstos son:

1. Que del certificado expedido por el registrador no podía saberse si la anotación de *lis pendens* se hizo a tenor del artículo 91 del Código de Enjuiciamiento Civil o de conformidad con el artículo 42 de la Ley Hipotecaria.

2. Porque una anotación de *lis pendens* tomada de conformidad con el artículo 42 de la Ley Hipotecaria, no puede ser cancelada a no ser de acuerdo con la misma Ley Hipotecaria (Art. 77 *et seq.*) y con el reglamento para la ejecución de dicha ley (Art. 131 *et seq.*), o cuando la anotación tuviera más de 4 años (Art. 388–A de la Ley Hipotecaria).

3. Porque, según la jurisprudencia de este tribunal, una anotación de *lis pendens* hecha de conformidad con el artículo 91 del Código de Enjuiciamiento Civil no puede ser cancelada mientras el litigio está pendiente. *Pueblo* v. *Fajardo Sugar*

*Co.,* 51 D.P.R 893; *Fernández* v. *Registrador,* 52 D.P.R. 354; *Calderón* v. *Registrador,* 54 D.P.R. 14.

Como no se demostró que la anotación tenía más de cuatro años o que el pleito iniciado por la sucesión Trías había sido resuelto, la corte se negó a ordenar la cancelación del aviso de *lis pendens.*

Los demandantes apelan y señalan un error: el haberse denegado la cancelación.

La sucesión Trías radicó alegatos ante la corte de distrito y en apelación. Descansa en la resolución de la corte de distrito y en los casos en ella citados.

Sostiene dicha sucesión que el "aviso de demanda" a que se refiere el artículo 91 del Código de Enjuiciamiento Civil es distinto a la anotación de demanda provista por el artículo 42 de la Ley Hipotecaria, no obstante tener ambas disposiciones efectos similares o idénticos en la mayoría de los casos.

El "aviso de demanda" del artículo 91 se toma en los libros del registro a instancias de parte, y sólo es menester que contenga (1) los nombres y apellidos de las partes; (2) el objeto de la demanda o contestación; y (3) la descripción de la propiedad en litigio. Este aviso de demanda puede ser hecho por nota marginal.

La anotación de demanda practicada en armonía con el artículo 42 de la Ley Hipotecaria es más formal. Exige una providencia de la corte. Contiene la alegación de los daños y perjuicios que puedan irrogarse, y se hace mediante inscripción. Artículo 15, Ley Hipotecaria.

Toda vez que en el certificado del registrador se dice que la anotación de la demanda presentada por la sucesión Trías se hace por nota marginal, es evidente que ésta se efectúa de conformidad con el artículo 91 del Código de Enjuiciamiento Civil.

Del certificado del registrador también se desprende que la anotación de demanda fué hecha el 11 de febrero de 1938. Igualmente se desprende que la hipoteca ya había vencido en noviembre 18, 1937.

El artículo 91 del Código de Enjuiciamiento Civil dispone:

"Cuando en una acción que afecte al título o al derecho de posesión de una propiedad inmueble, el demandante al tiempo de presentar la demanda, y el demandado al tiempo de presentar la contestación o en cualquier tiempo después, pidieren se declare que lo que se reclama es suyo, podrán presentar para su anotación al registrador del distrito en que radicare la propiedad o parte de ella un aviso de la cuestión litigiosa pendiente, el cual contendrá los nombres y apellidos de las partes, el objeto de la demanda o contestación, y la descripción de la propiedad en litigio. Sólo desde el día de la presentación del aviso para ser anotado se considerará que el comprador o la persona que adquiera un gravamen sobre la propiedad litigiosa, tiene conocimiento, para los efectos legales, de la acción pendiente contra las partes designadas por sus nombres verdaderos."

Los demandantes en este caso adquirieron su hipoteca, y la misma había vencido antes del "día de la presentación del aviso para ser anotado." Por tanto, la anotación en sí no les afectaba.

Se ha resuelto que una persona que adquiere un derecho real antes de efectuar la anotación de *lis pendens* no queda afectada por la sentencia dictada en el caso a menos que haya sido parte en el litigio. *Boerman* v. *Registrador,* 31 D.P.R. 733; *Sucn. Rodríguez* v. *Registrador,* 35 D.P.R. 104; *Paniagua* v. *Corte de Distrito,* 34 D.P.R. 674.

Los demandantes en este caso, Banco Popular de Puerto Rico y Crédito y Ahorro Ponceño, tenían un gravamen sobre la finca, que fué adquirido e inscrito con anterioridad a la anotación de *lis pendens*. Ellos no pueden ser legalmente afectados por la sentencia que pueda obtenerse por la sucesión Trías contra la sucesión Mendoza, a menos que se le haga parte en dicho procedimiento, como tampoco pueden ser afectados los compradores en la subasta a que dé lugar la ejecución de la hipoteca, por ser ésta válida y no constar en el registro algún vicio o defecto que la invalide. La anotación de *lis pendens* entonces, carece de base, y pudo y debió haber sido cancelada especialmente en vista del hecho de que ambos

procedimientos fueron radicados en la misma corte de distrito.

*Las resoluciones de la Corte de Distrito de Guayama de octubre 7, 1938, y septiembre 5, 1939, deben ser revocadas, y en su lugar este tribunal dictará sentencia ordenando la cancelación de la anotación de lis pendens en controversia.*