EL PUEBLO DE PUERTO RICO, demandante, *v.* ANTONIO ROIG, SUCESORES, S. EN C., demandada.

Núm. 4.—*Sometido:* Noviembre 13, 1944. *Resuelto:* Enero 19, 1945.

452

*Hon. Procurador General Interino Jesús A. González,* y *Miguel Guerra-Mondragón, Rafael Rivera Zayas, Luis Venegas Cortés* y *Nilita Vientós Gastón,* abogados asociados, abogados de El Pueblo; *Brown, González & Newsom* y *F. González, Jr.,* abogados de la demandada.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

La demanda de El Pueblo de Puerto Rico solicitando un decreto de disolución de la sociedad demandada, fué radicada ante esta Corte Suprema en diciembre 8 de 1943. El día 23 del mismo mes y año la notificación de *lis pendens* fué anotada en el Registro de la Propiedad de Humacao en

cuanto a todas y cada una de las propiedades allí inscritas a nombre de la demandada.

En octubre 6 de 1944, el demandante acudió ante esta corte en solicitud de un auto de *injunction* por el que se ordene a la sociedad demandada, así como también a sus socios, agentes y empleados, que se abstengan de llevar a cabo nuevos traspasos o ventas de las tierras inscritas a su nombre, a persona natural o jurídica alguna.

En la petición se alega que con posterioridad a la radicación de la demanda, la sociedad demandada ha vendido distintas parcelas de tierra afectas al resultado de este procedimiento "con miras a hacer ineficaz la sentencia que pueda esta corte dictar en su día"; que el peticionario teme que la demandada continúe traspasando sus propiedades, con lo cual se privaría a El Pueblo de Puerto Rico de su derecho a comprar todas esas tierras o de hacerlas vender en pública subasta; y que si no se dictara el injunction solicitado el peticionario se vería envuelto en una multiplicidad de pleitos para proteger su derecho, con los daños irreparables consiguientes.

En la misma fecha en que se radicó la petición, expedimos una orden requiriendo a la demandada para que compareciera a mostrar causa, quedando entre tanto la demandada en entredicho.

La oposición de la demandada se basa en los siguientes fundamentos: (*a*) que esta Corte Suprema carece de jurisdicción para conocer de la acción principal sobre disolución de la sociedad demandada; (*b*) que la demanda principal no aduce hechos suficientes para constituir una causa de acción; (*c*) que aun cuando esta corte tuviera jurisdicción y la demanda principal adujera hechos suficientes, los hechos alegados en la petición de injunction no establecen el derecho del demandante al remedio que solicita ni la jurisdicción de esta corte para concederlo, (1) porque El Pueblo de Puerto Rico no alega tener ni solicita que se le adjudique, derecho

o interés alguno sobre las tierras de la demandada; (2) porque no resulta que el demandante haya de sufrir daños de tal gravedad, como consecuencia de las ventas que pueda hacer la demandada *pendente lite,* que justifique la expedición del injunction; y (3) porque el demandante tiene un remedio legal adecuado, mediante la compra o expropiación de las tierras.

La primera cuestión que vamos a considerar es si el demandante en este caso tiene un remedio legal adecuado para la protección de su derecho. Si existe ese remedio, tendremos entonces que llegar a la conclusión de que no procede dictar el auto de injunction que se solicita.

La doctrina de *lis pendens,* dentro del derecho común, es que desde el momento en que un tribunal adquiere jurisdicción sobre un pleito y la pendencia de éste se anota en el registro, ese tribunal tiene el derecho de continuar los procedimientos hasta el ejercicio final de su jurisdicción, y que ninguna de las partes litigantes puede legalmente impedirle que así lo haga mediante traspasos de propiedad o acto otro alguno realizados con posterioridad o la notificación del emplazamiento. Si después de haberse inciado la acción, cualesquiera de las partes tratare de transferir la propiedad envuelta en el litigio o de establecer algún gravamen sobre la misma, la acción entablada continuará tramitándose sin tener para nada en cuenta el traspaso o gravamen de la propiedad; y la sentencia final que se dicte podrá ser ejecutada contra el adquirente del título o del gravamen sobre la propiedad. 17 R.C.L. 1009, sec. 2, nota 7. El propósito de la máxima legal "pendente lite nil innovetur" no es el de prohibir la venta de la propiedad, y sí el de mantenerla sujeta a la jurisdicción de la corte para que ésta pueda, si procediere, conceder el remedio que se solicita. De acuerdo con la regla, el traspaso no es nulo, pero está sujeto a los derechos de las partes litigantes. Considerando que la regla del *lis pendens* puede resultar dura y en extremo severa

para un comprador, que sin tener conocimiento expreso o actual de la pendencia del pleito pagare su dinero de buena fe, en la mayoría de las jurisdicciones se han aprobado estatutos por los cuales se requiere el cumplimiento de ciertos requisitos para que la regla pueda ser aplicada.

El artículo 91 de nuestro Código de Enjuiciamiento Civil (ed. 1933) provee que en las acciones que afecten al título o al derecho de posesión de una propiedad inmueble, el demandante podrá presentar para su anotación en el registro un aviso de la cuestión litigiosa pendiente y que "sólo desde el día de la presentación del aviso para ser anotado se considerará que el comprador o la persona que adquiera un gravamen sobre la propiedad litigiosa, tiene conocimiento, para los efectos legales, de la acción pendiente contra las partes designadas por sus nombres verdaderos".

Considerando el efecto y alcance de una anotación de *lis pendens,* practicada de acuerdo con lo dispuesto en el artículo 91 del Código de Enjuiciamiento Civil, esta corte en *Paniagua* v. *Corte de Distrito,* 34 D.P.R. 674, 677, se expresó así:

"No hay duda que esta anotación aseguraba el derecho al demandante para recuperar la finca contra cualquier comprador del todo o parte de la finca *pendente lite,* ya que siendo la razón de la anotación de la demanda la de asegurar la efectividad de la sentencia, ésta surtiría efecto legal contra los compradores del mismo modo que si ellos fueran parte en el litigio por estar representados sus derechos por el vendedor demandado, o sea, el Banco de San Juan."

Está firmemente establecido en esta jurisdicción que el comprador de una propiedad después de haberse anotado el aviso de *lis pendens* en el registro, no es parte necesaria en la acción pendiente porque su vendedor continúa como representante de sus intereses. El que adquiere un interés sobre una finca, *pendente lite,* ya sea como comprador, arrendador, acreedor hipotecario o de otro modo, lo adquiere sujeto a los derechos del demandante y puede ser desalojado

en virtud de una orden de posesión si el demandante obtiene una sentencia favorable. 17 R.C.L. 1031, sec. 28 y nota 17, página 1032; *Lawton* v. *Rodríguez Rivera,* 38 D.P.R. 38; *Luce & Co., S. en C.* v. *Cintrón,* 38 D.P.R. 535; *Cintrón* v. *Hartman & Co.,* 43 D.P.R. 179, 190, 191; 34 Am. Jur. 361, 2 y 3.

La contención de la parte demandante de que la denegación del injunction solicitado expondría a El Pueblo de Puerto Rico a tener que indemnizar a los adquirentes *pendente lite* por las mejoras que éstos hicieren en las fincas durante la tramitación del pleito, no está sostenida por la jurisprudencia. Véase: 38 C. J., pág. 64, sec. 112.

No estamos convencidos de que el demandante habría de sufrir daños irreparables si no se dictase el auto de injunction. Habiendo resuelto que todo comprador *pendente lite* puede ser desalojado mediante una orden de posesión y sin necesidad de entablar un nuevo pleito, si la sentencia que habrá de dictarse en esta acción fuere favorable al demandante, todo lo que éste tendrá que hacer será obtener una orden o mandamiento de posesión para que el márshal la haga efectiva sobre todas y cada una de las fincas vendidas por la demandada con posterioridad a la anotación en el registro del aviso de *lis pendens*. El daño que ese trabajo adicional del márshal pueda causar al demandante es fácilmente reparable, toda vez que la demandada habrá de pagar todas las costas del procedimiento si la sentencia le fuere adversa. Por otro lado, si la sentencia fuere favorable a la demandada, la prohibición de vender durante la pendencia del pleito podría causarle serios perjuicios.

Convenimos con el peticionario en que no es fácil distinguir el caso de autos del de *El Pueblo* v. *Central Cambalache,* 59 D.P.R. 60, en el cual expedimos el auto de injunction, prohibiendo a la Central demandada el traspaso de sus tierras a un sindicato de sus accionistas, no obstante haberse anotado en el registro el aviso de *lis pendens* en cuanto

a cada una de las fincas pertenecientes a la corporación demandada. Debemos confesar francamente que en el caso de Cambalache, que fué el primero de esta naturaleza en que se solicitó nuestra intervención mediante el remedio extraordinario de injunction, fuimos algo más allá de lo que era en verdad necesario para proteger al querellante en el desarrollo de la política pública enunciada por el Congreso y por la Asamblea Legislativa de Puerto Rico y que tiende a evitar las grandes concentraciones de tierras de labrantío y a disolver las ya existentes. Un estudio más detenido de los hechos y circunstancias de estos casos nos ha convencido de que El Pueblo de Puerto Rico y la política pública a que nos hemos referido están amplia y suficientemente protegidos por la anotación en el registro del aviso de *lis pendens*. Siendo ése un remedio legal adecuado, no procede decretar el injunction solicitado.

Hemos creído justo y razonable considerar y resolver de una vez la cuestión sobre la procedencia del auto de injunction, no obstante estar aún pendiente de decisión la cuestión jurisdiccional levantada por la demandada, porque hemos llegado a la conclusión de que aún cuando decidiéramos que esta corte tiene jurisdicción para conocer del caso, el injunction no procedería. Y no sería justo mantener a la parte demandada sujeta a un entredicho hasta que la cuestión jurisdiccional sea definitivamente sometida y resuelta.

*La petición de injunction debe ser declarada sin lugar y anulada la orden de entredicho dictada por este tribunal en octubre 6, 1944.*