## Velázquez, Recurrente, *v.* El Registrador de Guayama, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Guayama suspendiendo la anotación de una demanda.

No. 407.—Resuelto en marzo 27, 1919.

Anotación de Reclamaciones Judiciales en el Registro de la Propiedad—Documentos Necesarios para Anotar el Aviso—Nota Marginal.—Los artículos 91 del Código de Enjuiciamiento Civil y 42 y 43 de la Ley Hipotecaria pueden subsistir independientemente, y cuando la parte interesada sigue el procedimiento autorizado por el Código, bastará que solicite la anotación por medio de documento auténtico que contenga los requisitos fijados en el citado artículo 91, pudiendo continuarse la práctica de anotar el aviso por medio de nota marginal, sin que sea necesario que se registre por medio de nota en la parte del libro en que correspondería hacer la inscripción si el derecho anotado llegara a convertirse en derecho inscrito.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. C. Domínguez Rubio.*

El registrador recurrido, Sr. Francisco Socorro, compareció por escrito en nombre propio.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El Secretario de la Corte de Distrito de Guayama se dirigió al registrador de la propiedad del distrito, avisándole, a los efectos del artículo 91 del Código de Enjuiciamiento Civil, que en su oficina se había radicado una demanda seguida por Amelia Velázquez en representación de su hijo menor Miguel contra J. F. de Choudens y otros sobre comple-

mento de herencia, rendición de cuentas y entrega de frutos, rentas y productos. En el aviso se transcribe la súplica de la demanda y se describen las tres propiedades envueltas o sujetas a los efectos de la sentencia que pudiera recaer en el litigio.

El registrador suspendió la anotación de la demanda interesada, por no insertarse la providencia u orden de la corte de distrito decretando la anotación, y por no insertarse copia de la demanda para poder apreciar no sólo el derecho reclamado en su acción y hacer constar en la anotación las circunstancias exigidas por el artículo 9 de la Ley Hipotecaria como dispone el 72 de la misma ley, sino también para conocer y cancelar con exactitud en sellos de rentas internas los derechos que deben cobrarse con arreglo a la escala que determina el número 5 del arancel comprendido en la sección 22 de la ley de 10 de marzo de 1904, pág. 187 tal como está enmendada por la Ley No. 32 de 30 de noviembre de 1917, pág. 311, Vol. 2, y no con sujeción al número 4 del citado arancel y que son los que ha depositado el interesado, los cuales son insuficientes toda vez que la anotación preventiva que se interesa debe hacerse en el mismo lugar del libro en que correspondería hacer la inscripción si el derecho anotado se convirtiera en derecho inscrito, y no por nota marginal.

Contra esa calificación interpuso la indicada Amelia Velázquez el presente recurso gubernativo.

Estudiemos la primera cuestión. El artículo 91 del Código de Enjuiciamiento Civil prescribe que en una acción que afecte al título o al derecho de posesión de una propiedad inmueble, el demandante al tiempo de presentar la demanda, y el demandado al tiempo de formular su contestación, cuando en dicha contestación se solicite un remedio afirmativo en su favor, o en cualquier tiempo después, pueden presentar para su anotación al registrador del distrito en que radicare la propiedad o parte de ella, un aviso de la cuestión litigiosa pendiente, conteniendo los nombres y apellidos de las partes,

el objeto de acción o defensa y una descripción de la propiedad afectada.

Alega .el registrador que ese precepto legal debe interpretarse armonizándolo con los artículos 42 y 43 de la Ley Hipotecaria que prescriben que podrá pedir anotación preventiva de su derecho, entre otros casos, el que demandare en juicio la propiedad de bienes inmuebles, o la constitución, declaración, modificación o extinción de cualquier derecho real, pero la anotación sólo podrá hacerse en el registro cuando se ordene por providencia judicial, en virtud de documento bastante, al prudente arbitrio del juzgador. Y en su consecuencia sostiene que sólo a virtud de orden judicial puede en la actualidad anotarse una demanda en el registro, porque de otro modo, según él, se interpretaría el artículo 91 del Código de Enjuiciamiento Civil como derogando preceptos de la Ley Hipotecaria, lo que sería contrario a la ley y a la jurisprudencia de esta Corte Suprema.

No estamos conformes con el registrador. Ambos procedimientos, el de la Ley Hipotecaria y el del Código de Enjuiciamiento Civil, pueden subsistir independientemente y en el presenté caso la parte interesada optó por seguir el de la última ajustándose a las indicaciones de esta Corte Suprema contenidas en la opinión emitida al decidir el caso de *Mollfulleda* v. *El Registrador de la Propiedad,* 17 D. P. R. 31. Y cuando se solicita la anotación de acuerdo con el artículo 91 del Código de Enjuiciamiento Civil, no es necesario que la corte la ordene. Basta que la solicite la parte interesada.

En cuanto al segundo motivo de la nota, estamos conformes en que el registrador puede exigir que la parte interesada le demuestre por medio de documento auténtico que se trata del caso previsto en la ley, pero esto no quiere decir que sea absolutamente necesaria una copia literal de la demanda. La misma ley prescribe lo que debe contener el aviso y con la ley se cumplió substancialmente en este caso. A nuestro juicio el aviso remitido proporcionó al registrador los datos necesarios para verificar o negar la anotación.

En su alegato desarrolla el registrador su teoría de que en vez de registrarse el aviso por nota marginal debe serlo por nota puesta en el mismo lugar del libro en que correspondería hacer la inscripción si el derecho anotado se convirtiera en derecho inscrito, cobrándose entonces de acuerdo con el número 5 del arancel en vez de cobrarse por el número 4.

No es extraño que no podamos encontrar precepto alguno en la misma Ley Hipotecaria que prevea el modo de anotar el aviso, ya que la Ley Hipotecaria se aprobó muchos años antes que el Código de Enjuiciamiento Civil, pero el mismo registrador reconoce que la práctica ha sido registrar los avisos por medio de notas marginales y en verdad nos parece tal método más en armonía con el propósito de la ley, o sea el de notificar el hecho a las personas que desearen comprar los bienes anotados o adquirir gravámenes sobre los mismos, que el que propone el registrador.

Por virtud de todo lo expuesto, opinamos que debe revocarse la resolución recurrida y ordenarse la anotación solicitada.

*Revocada la nota y ordenada la anotación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.