MARÍA DEL CARMEN MORALES, demandante y apelante, *v.*
ESPERANZA CRUZ VÉLEZ, demandada y apelada.

No. 4016.—*Visto:* Noviembre 9, 1926. *Resuelto:* Febrero 11, 1927.

1. LIS PENDENS—AVISO DE *Lis Pendens* EN EL REGISTRO—CANCELACIÓN DEL MISMO—ACCIÓN PENDIENTE.—Estando una acción pendiente hasta tanto se dicte una sentencia que sea inapelable, si confirmada una sentencia por el Supremo se apela ésta a la Corte de Circuito de Boston, el aviso de *lis pendens* debe permanecer en el Registro hasta tanto no haya posibilidad de que se dicte una sentencia a favor del demandante.

2. APELACIÓN Y ERROR—DECISIONES SUJETAS A REVISIÓN—NATURALEZA, ALCANCE Y EFECTO DE LA DECISIÓN—ORDEN PARA CANCELAR AVISO DE *Lis Pendens.*—Confirmada en apelación una sentencia, y apelada ésta, una orden de la corte inferior para cancelar el aviso de *litis pendencia* a favor del demandante y apelante es apelable.

RESOLUCIÓN de *Charles E. Foote,* J. (Mayagüez), decretando cancelación total de anotaciones de demanda practicada en el registro de la propiedad. *Revocada.*

J. H. *Brown* y *Clemente Ruiz Nazario,* abogados del apelante; *José Sabater,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La demandante en este caso, fundándose en el artículo 91 del Código de Enjuiciamiento Civil, al radicar su demanda obtuvo un aviso de *lis pendens* en los Registros de la Propiedad de Mayagüez y San Germán. El caso fué visto en la Corte de Distrito de Mayagüez y se dictó sentencia contra la demandante. Dicha sentencia fué confirmada en apelación por esta corte.

Posteriormente la demandada y apelada solicitó de la Corte de Distrito de Mayagüez la cancelación de dichos avisos de *lis pendens.* La demandante y apelante compareció y se opuso a dicha moción. La corte ordenó la cancelación y se apeló de dicha resolución.

Al tiempo de presentar su oposición, la demandante y

apelante demostró a la corte de distrito que se había apelado para ante la Corte de Circuito de Apelaciones de la sentencia dictada por esta corte.

Los artículos 91 y 348 del Código de Enjuiciamiento Civil dispone lo siguiente:

"Art. 91.  Cuando en una acción que afecte al título o al derecho de posesión de una propiedad inmueble, el demandante al tiempo de presentar la demanda, y el demandado al tiempo de presentar la contestación o en cualquier tiempo después, pidieren se declare que lo que se reclama es suyo, podrán presentar para su anotación al registrador del distrito en que radicare la propiedad o parte de ella un aviso de la cuestión litigiosa pendiente, el cual contendrá los nombres y apellidos de las partes, el objeto de la demanda o contestación, y la descripción de la propiedad en litigio.  Sólo desde el día de la presentación del aviso para ser anotado se considerará que el comprador o la persona que adquiera un gravamen sobre la propiedad litigiosa, tiene conocimiento para los efectos legales, de la acción pendiente contra las partes designadas por sus nombres verdaderos.

"Art. 348.  Un pleito se considera pendiente desde que principia hasta su resolución final en apelación, o hasta que haya expirado el tiempo para interponer el recurso de apelación, a menos que se haya cumplido el fallo con anterioridad."

[1] Interpretando los dos artículos conjuntamente, estamos obligados a resolver que una acción está pendiente hasta que se dicta una sentencia que es inapelable.  En *Todd* v. *Romeu,* 206 U. S. 358, la Corte Suprema de los Estados Unidos resolvió en efecto que la doctrina del derecho común sobre *lis pendens* no regía en Puerto Rico; que para notificar a compradores de buena fe era necesario una anotación preventiva en el registro de la propiedad.  La intención de la legislatura al aprobar estos dos artículos fué hacer que un pleito pendiente debidamente anotado en el registro equivaliera al aviso constructivo a los compradores del derecho común.  Un demandante ha cumplido con su deber hacia compradores de buena fe si hace registrar una anotación preventiva en el registro.  El aviso debe permanecer

hasta que no haya posibilidad de que se dicte una sentencia a favor de un demandante.

El argumento de la apelada es que para impedir la cancelación de una sentencia que ha sido declarada final al ser confirmada por esta corte en apelación, la apelante debe prestar una fianza de *supersedeas*. Sin embargo, convenimos con la apelante que el efecto de una fianza de *supersedeas* es suspender la ejecución. La continuación de una anotación preventiva no impide la ejecución. Nos inclinamos a creer que la corte puede conceder costas y honorarios y expedir una orden de ejecución para el cobro de éstos; que para fijarse tales costas y honorarios la sentencia de esta corte debe considerarse como final. Baste decir que no conocemos forma alguna por la cual una fianza de *supersedeas* podría aplicarse en sus términos a una anotación preventiva existente.

[2] Además, no podemos convenir con la apelada en que la orden de cancelación no era apelable. La apelada creyó necesario obtener la cancelación y la actuación de la corte claramente era una providencia después de dictada sentencia y se refería a materias que no se habían resuelto específicamente en tal sentencia.

*La resolución debe ser revocada.*

El Juez Asociado Señor Hutchison no intervino.