HERACLIO MORALES, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, P. R., recurrido.

No. 787.—*Sometido:* Noviembre 19, 1929. *Resuelto:* Diciembre 9, 1929.

*Antonio L. López,* abogado del recurrente; El Registrador recurrido no compareció.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Heraclio Morales se dirigió por escrito jurado ante notario al Registrador de la Propiedad de Caguas pidiéndole que de acuerdo con lo dispuesto en la sección 1, letra (b) de la Ley No. 12 regulando el procedimiento para la cancelación de gravámenes y menciones de derechos y la inscripción de ciertas inscripciones y anotaciones, por lapso de tiempo, en el registro de la propiedad, aprobada el 29 de agosto de 1923, cancelara la anotación de la demanda en el pleito seguido por Sobrinos de L. Villamil y Co. contra Aureliano Vélez y el propio Heraclio Morales, hecha sobre una finca del último. El registrador se negó por medio de la siguiente nota:

"DENEGADA la cancelación del aviso de demanda a que se refiere el presente escrito por observarse que el apartado 'B' del artículo 1º de la Ley No. 12 aprobada por la Asamblea Legislativa de Puerto Rico con fecha 29 de agosto de 1923, lo que autoriza cancelar son los avisos tomados en virtud de mandamientos judiciales y siendo dicha anotación del referido aviso de demanda tomada en virtud de solicitud ex parte, . . ."

El precepto legal en que tanto el recurrente como el registrador descansan para sostener sus opuestos criterios, dice:

"Sección 1.—Los registradores de la propiedad a instáncia escrita de parte o de su representante, autenticada ante notario, procederán a cancelar en el respectivo registro:

"(a) . . . . . . .

"(b) Las anotaciones de embargo, prohibiciones de enajenar, anotaciones de demanda y cualesquiera otras hechas en virtud de mandamiento judicial que tengan más de cuatro (4) años de anotadas, si no hubieren sido prorrogadas por orden de la corte en que pendieren los casos, por justa causa. Si al entrar en vigor esta Ley hubiere transcurrido en totalidad dicho término o sólo restare del mismo un (1) año o menos, la parte interesada en la anotación tendrá un (1) año desde la vigencia de esta Ley para obtener de la corte competente la prórroga de la anotación."

En Puerto Rico anótanse las demandas a virtud de dos disposiciones de ley, una consignada en la Ley Hipotecaria y otra en el Código de Enjuiciamiento Civil. Si se sigue

el procedimiento marcado en la Ley Hipotecaria es necesaria la orden judicial; si se escoge el del Código de Enjuiciamiento Civil basta la gestión de la parte interesada. *Velázquez* v. *Registrador,* 27 D.P.R. 268, 270.

No hay duda alguna de que el pensamiento del legislador al decretar la Ley No. 12 de 1923, fué general y amplio y tendió a liberar las fincas de cuantos gravámenes injustificados tuvieran, a fin de hacer más fácil a sus dueños la contratación en relación con ellas.

Siendo esto así, ¿a qué interpretar sus preceptos de modo tal que el requisito exigido para el último caso se aplique a los primeros, quedando destruído el propósito del legislador en cuanto a uno de ellos, o sea, el de las anotaciones de demandas para el cual no se necesita el mandamiento judicial?

Creemos que la ley es susceptible de interpretarse dando vida independiente a cada uno de los actos cuya cancelación se ordena. Cuando el legislador se refirió a la cancelación de anotaciones de demanda, conociendo como tenía que conocer que podía verificarse tanto a virtud de mandamiento judicial como sin él, no es posible concluir que fuera su intención la de limitar su disposición al primer caso, cuando en verdad de entre los dos es el que está revestido de mayor solemnidad.

*Debe revocarse la nota recurrida y ordenarse la cancelación solicitada.*