Carmen Fernández, recurrente, *v.* El Registrador de la Propiedad de San Juan, Sección Primera, recurrido.

Núm. 1003.—*Sometido:* Noviembre 1, 1937. *Resuelto:* Noviembre 24, 1937.

*Carlos J. Torres,* abogado de la recurrente;

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

El registrador de la propiedad se negó a cancelar una anotación de *lis pendens.* La solicitud de cancelación se presentó más de cuatro años después de haberse hecho la anotación.

El artículo 388–A de la Ley Hipotecaria autoriza la cancelación de—

"las anotaciones de embargo, prohibiciones de enajenar, anotaciones de demanda y cualesquiera otras hechas en virtud de mandamiento judicial que tengan más de cuatro (4) años de anotadas, si no hubieren sido prorrogadas por orden de la corte en que pendieren los casos, por justa causa." Leyes de 1923, sesión extraordinaria, pág. 37; Ley Núm. 19, tercera sesión extraordinaria de 1936, pág. 149.

Entre las personas que pueden pedir anotación preventiva bajo el inciso 1 del artículo 42 de la Ley Hipotecaria está—

"el que demandare en juicio la propiedad de bienes inmuebles o la constitución, declaración, modificación o extinción de cualquier derecho real."

De conformidad con el artículo 43—

"En el caso del número 1°. del artículo anterior, no podrá hacerse la anotación preventiva, sino cuando se ordene por providencia judicial dictada a instancia de parte legítima, y en virtud de documento bastante, al prudente arbitrio del juzgador."

Las "anotaciones de embargo y prohibiciones de enajenar" que preceden inmediatamente a la frase "anotaciones de demanda" (*suits*) son, desde luego, autorizadas por una orden de la corte y no pueden obtenerse sin tal orden. Inmediatamente después de la frase "anotaciones de demanda" están las palabras "y *cualesquiera otras hechas en virtud de mandamiento judicial.*" Interpretando la palabra *"suits"*—o la frase más inteligible del texto castellano "anotaciones de demanda"—a la luz de su contexto, el significado debe limitarse, a nuestro juicio, a aquellas anotaciones de *lis pendens* que han sido hechas "en virtud de mandamiento judicial." No se exige tal mandamiento como condición precedente a la presentación de una anotación de *lis pendens* a tenor del artículo 91 del Código de Enjuiciamiento Civil. Una anotación hecha de conformidad con dicho artículo continúa en vigor mientras esté pendiente el recurso.

Nuestra conclusión es que los registradores de la propiedad no están autorizados por el artículo 388–A de la Ley Hipotecaria para cancelar una anotación de *lis pendens* una vez expirado el período de cuatro años contado a partir de la anotación. Tal cancelación puede obtenerse fácilmente, desde luego, al terminarse el litigio. Hasta entonces debe continuar en vigor, a menos que la corte ordene su cancelación.

*Debe confirmarse la nota recurrida.*

El Juez Asociado Señor Córdova Dávila no intervino.