CASTO LUIS CALDERÓN, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN SEGUNDA, recurrido.

Núm. 1035.—*Sometido:* Noviembre 29, 1938. *Resuelto:* Diciembre 21, 1938.

*D. Guerrero Noble,* abogado del recurrente; el registrador recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Casto Luis Calderón es dueño de cierta finca rústica inscrita en el Registro de la Propiedad de San Juan, Sección Segunda, al folio 217 del tomo 16 de Carolina, finca número 715. Por su procedencia se halla afecta dicha finca a una anotación de *lis pendens* practicada a virtud de providencia judicial desde el primero de noviembre de 1900, al folio 44 del tomo 7 de Carolina, anotación A, sin que conste del Registro que dicha anotación haya sido prorrogada conforme exige la ley.

En una declaración jurada que describe detalladamente la finca 715 antes mencionada y expone los hechos arriba reseñados, el abogado don Diego Guerrero Noble, en representación del Sr. Casto Luis Calderón, solicitó del Registrador

de la Propiedad de San Juan, Sección Segunda, la cancelación del referido aviso de demanda.

El registrador la denegó, por el fundamento que expresa en la nota que extendió al calce de la declaración jurada, y la cual dice así:

"Denegada la cancelación del aviso de demanda que se solicita en este *affidavit*, en vista de lo resuelto por la Hon. Corte Suprema en el caso *'Fernández* v. *Registrador'*, 52 D.P.R. 354, y tomada en su lugar anotación preventiva por 120 días a favor del solicitante, al folio 217 del tomo 16 de Carolina, Finca núm. 715, nota al margen de la inscripción 1ra."

Precisamente por los fundamentos expresados en el caso de *Fernández* v. *Registrador*, 52 D.P.R. 354, procede la cancelación del aviso de demanda, puesto que en el referido caso se establece una distinción entre los avisos de demanda anotados a virtud del artículo 91 del Código de Enjuiciamiento Civil y los que se anotan por providencia judicial a virtud de los artículos 42 y 43 de la Ley Hipotecaria, para concluir que los primeros no están comprendidos dentro del artículo 388–A de la Ley Hipotecaria y que los segundos lo están, resolviéndose en dicho caso que una anotación hecha de conformidad con el artículo 91 antes citado continúa en vigor mientras el pleito que la motivó se halle pendiente, mientras que las hechas de conformidad con los artículos 42 y 43 de la Ley Hipotecaria se rigen por el artículo 388–A de la misma ley y pueden cancelarse después de cuatro años de anotadas si no hubieren sido prorrogadas por orden de la corte en que pendiere el litigio.

Tratándose como se trata en este caso de una anotación practicada desde el año 1900 a virtud de mandato judicial, sin que aparezca que la orden para anotar el aviso de demanda ha sido prorrogado por orden del tribunal donde se instituyó el pleito, *procede, de acuerdo con el caso de Fernández* v. *Registrador, supra, revocar la nota recurrida y ordenar la cancelación del aviso de demanda a que se contrae la decla-*

*ración jurada de que antes se ha hecho mérito, sin devengar más derechos.*

El Juez Presidente Sr. Del Toro no intervino.