TEODORO AGUILAR, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

Núm. 1076.—*Sometido:* Octubre 21, 1940. *Resuelto:* Noviembre 12, 1940.

*H. Torres Solá*, abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Basándose en el artículo 388-A de la Ley Hipotecaria, el recurrente, en su carácter de dueño de cierta finca urbana

radicada dentro de la demarcación territorial del Registro de la Propiedad de San Juan, sección primera, presentó, con fecha 20 de agosto de 1940, al registrador correspondiente, una solicitud jurada interesando la cancelación, entre otras cargas que afectaban dicha finca, de dos notas marginales de aviso de demanda, practicada la primera el 7 de agosto de 1904 y la segunda el 9 de febrero de 1919, teniendo por consiguiente para dicha fecha cada una de dichas anotaciones más de cuatro años de extendida, sin que existiese en el registro constancia alguna a favor de la vigencia de tales notas.

Denegó el registrador la cancelación de los dos avisos de demanda por haberse extendido las anotaciones a virtud del artículo 91 del Código de Enjuiciamiento Civil y no haberse presentado una orden de la corte decretando su cancelación, conforme se resolvió por este tribunal en el caso de *Fernández* v. *Registrador,* 52 D.P.R. 354.

■■ En el recurso que se ha interpuesto contra la ameritada nota, invoca el recurrente el caso de *Morales* v. *Registrador,* 40 D.P.R. 242, y el artículo 388–A de la ley antes citada, que en lo pertinente dice así:

"Artículo 388–A. Los registradores de la propiedad, a instancia de parte, autenticada ante notario procederán a cancelar en el respectivo registro:

"

"(b) Las anotaciones de embargo, prohibiciones de enajenar, *anotaciones de demanda* y cualesquiera otras hechas en virtud de mandamiento judicial que tengan más de cuatro (4) años de anotadas, si no hubieren sido prorrogadas por orden de la corte en que pendieren los casos, por justa causa. Si al entrar en vigor esta Ley hubiere transcurrido en totalidad dicho término o sólo restare del mismo un (1) año o menos, la parte interesada en la anotación tendrá un (1) año desde la vigencia de esta Ley para obtener de la corte competente la prórroga de la anotación."

En el caso de *Morales* v. *Registrador,* supra, se suscitó extensamente la misma cuestión que ahora nos ocupa, al negarse el Registrador de la Propiedad de Caguas a cancelar un aviso de demanda que había sido anotado con arreglo

al artículo 91 del Código de Enjuiciamiento Civil. Sostenía el registrador que la Ley núm. 12 de 29 de agosto de 1923 ((2) pág. 37) entonces en vigor, en lo pertinente igual al párrafo *b* del artículo 388-A de la ley antes citada, lo que autorizaba a cancelar mediante declaración jurada eran los avisos de demanda anotados a virtud de mandamiento judicial, y como la que se había anotado era con arreglo al artículo 91 del Código de Enjuiciamiento Civil, procedió a denegar la cancelación.

Interpretando el precepto legal a que venimos refiriéndonos, dijo este tribunal por voz de su Juez Presidente Sr. Del Toro:

"En Puerto Rico anótanse las demandas a virtud de dos disposiciones de ley, una consignada en la Ley Hipotecaria y otra en el Código de Enjuiciamiento Civil. Si se sigue el procedimiento marcado en la Ley Hipotecaria es necesaria la orden judicial; si se escoge el del Código de Enjuiciamiento Civil basta la gestión de la parte interesada. *Velázquez* v. *Registrador*, 27 D.P.R. 268, 270.

"No hay duda alguna de que el pensamiento del legislador al decretar la Ley núm. 12 de 1923, fué general y amplio y tendió a liberar las fincas de cuantos gravámenes injustificados tuvieran, a fin de hacer más fácil a sus dueños la contratación en relación con ellas.

"Siendo esto así, ¿a qué intepretar sus preceptos de modo tal que el requisito exigido para el último caso se aplique a los primeros, quedando destruído el propósito del legislador en cuanto a uno de ellos, o sea, el de las anotaciones de demandas para el cual no se necesita el mandamiento judicial?

"Creemos que la ley es susceptible de interpretarse dando vida independiente a cada uno de los actos cuya cancelación se ordena. Cuando el legislador se refirió a la cancelación de anotaciones de demanda, conociendo como tenía que conocer que podía verificarse tanto a virtud de mandamiento judicial como sin él, no es posible concluir que fuera su intención la de limitar su disposición al primer caso, cuando en verdad de entre los dos es el que está revestido de mayor solemnidad."

Ocho años más tarde, el 24 de noviembre de 1937, el registrador ahora recurrido se negó a cancelar una anotación de

aviso de demanda que tenía más de cuatro años de extendida y que se había practicado a tenor de lo dispuesto en el artículo 91 del Código de Enjuiciamiento Civil, por no habérsele presentado una orden de la corte decretando su cancelación, motivando así el caso de *Fernández* v. *Registrador,* 52 D.P.R. 354, en el que luego de citar la parte pertinente del artículo 388–A de la Ley Hipotecaria antes transcrito, se dijo por este tribunal:

"Entre las personas que pueden pedir anotación preventiva bajo el inciso 1 del artículo 42 de la Ley Hipotecaria está—'el que demandare en juicio la propiedad de bienes inmuebles o la constitución, declaración, modificación o extinción de cualquier derecho real.'

"De conformidad con el artículo 43—

" 'En el caso del número 1º del artículo anterior, no podrá hacerse la anotación preventiva, sino cuando se ordene por providencia judicial dictada a instancia de parte legítima, y en virtud de documento bastante, al prudente arbitrio del juzgador.'

"Las 'anotaciones de embargo y prohibiciones de enajenar' que preceden inmediatamente a la frase 'anotaciones de demanda' (*suits*) son, desde luego, autorizadas por una orden de la corte y no pueden obtenerse sin tal orden. Inmediatamente después de la frase 'anotaciones de demanda' están las plaabras *'y cualesquiera otras hechas en virtud de mandamiento judicial.'* Interpretando la palabra *'suits'*—o la frase más inteligible del texto castellano 'anotaciones de demanda'—a la luz de su contexto, el significado debe limitarse, a nuestro juicio, a aquellas anotaciones de *lis pendens* que han sido hechas 'en virtud de mandamiento judicial.' No se exige tal mandamiento como condición precedente a la presentación de una anotación de *lis pendens* a tenor del artículo 91 del Código de Enjuiciamiento Civil. Una anotación hecha de conformidad con dicho artículo continúa en vigor mientras esté pendiente el recurso.

"Nuestra conclusión es que los registradores de la propiedad no están autorizados por el artículo 388–A de la Ley Hipotecaria para cancelar una anotación de *lis pendens* una vez expirado el período de cuatro años contado a partir de la anotación. Tal cancelación puede obtenerse fácilmente, desde luego, al terminarse el litigio. Hasta entonces debe continuar en vigor, a menos que la corte ordene su cancelación."

Es indudable que el caso de *Fernández* v. *Registrador,* supra, está en manifiesto conflicto con el de *Morales* v. *Registrador* anteriormente resuelto. De ser correcta la decisión del primero, revocó *sub silentio* el caso de *Morales;* pero estudiando los razonamientos expuestos en uno y otro casos forzoso es concluir que este último es el que correctamente interpreta la ley. Si al presentarse el caso de Fernández se hubiese llamado la atención del tribunal hacia lo resuelto en el de *Morales,* indudablemente que por la fuerza de sus razonamientos su doctrina hubiera prevalecido. Hemos transcrito *in extenso* los razonamientos expuestos en uno y otro casos y ellos hablan por sí, sin que sea necesario agregar algo más a lo dicho en *Morales* v. *Registrador.* El propio registrador recurrido, que fué precisamente el que dió lugar al caso de *Fernández* v. *Registrador,* en el brevísimo memorándum que en apoyo de su nota ha presentado en este recurso, dice lo siguiente:

"El presente caso más que un recurso contra la nota del Registrador es una moción de reconsideración ante esta Corte Suprema.

"En honor a la verdad el Registrador recurrido, antes de la decisión de esta Corte de fecha 24 de noviembre de 1937 (*Fernández* v. *Registrador,* 52 D.P.R. 354), creía que la intención de la Legislatura era la de permitir la cancelación por prescripción de cualquier aviso de demanda anotada en el Registro de la Propiedad.

"Pero desde la fecha antes indicada, este funcionario está obligado a actuar de acuerdo con dicha decisión en la cual se da una interpretación *gramatical* y correcta al art. 388–A de la Ley Hipotecaria." (Paréntesis nuestro.)

Una interpretación gramatical, asumiendo sin aceptarlo que la del caso de *Fernández* fuese correcta, jamás debe prevalecer cuando su aplicación tienda a hacer fracasar el propósito del legislador al aprobar la ley. Es una ley de remedio (*remedial legislation*) la que estamos interpretando y por consiguiente debe ser liberalmente interpretada. "*Think things instead of words,*" aconsejaba el Juez Holmes, y así se hizo en la decisión del caso de *Morales.* Se determinó el propósito legislativo y de acuerdo con el mismo se

dió a la ley aquella interpretación más en armonía con la intención del legislador, sosteniendo que la frase "y cualesquiera otras hechas en virtud de mandamiento judicial" no califica ni restringe en manera alguna el significado de las palabras "las anotaciones de embargo, prohibiciones de enajenar, anotaciones de demanda . . ."; por el contrario, lo que intentó el legislador al agregar tal frase fué darle mayor amplitud al remedio que ofrece la ley que nos ocupa a aquellos propietarios cuyas fincas aparecen en alguna forma afectas a cargas, anotaciones o avisos que como cuestión de hecho no existen pero que constituyen un obstáculo a la contratación y por consiguiente perjudican el crédito territorial. Temeroso el legislador de que la autorización al registrador para verificar tales cancelaciones se entendiese limitada a las inscripciones o anotaciones específicamente mencionadas, adicionó la referida frase, disipando así cualquier duda que pudiera haber sobre la interpretación de la referida ley.

En el caso de *Calderón* v. *Registrador,* 54 D.P.R. 14, en el que fué ponente el juez que suscribe esta opinión, el Registrador de la Propiedad de San Juan, Sección Segunda, se negó a cancelar una anotación de aviso de demanda extendida en el año 1900 a virtud de mandamiento judicial porque la cancelación se solicitaba mediante *affidavit* y según él debía hacerse mediante mandamiento judicial, invocando en su apoyo, equivocadamente, el caso de *Fernández* v. *Registrador,* supra. Contrario a la contención del registrador, se había resuelto en el referido caso de *Fernández* que las anotaciones de demanda practicadas a virtud de mandamiento judicial podían cancelarse mediante solicitud jurada, pero no así los avisos de demanda anotados con arreglo al artículo 91 del Código de Enjuiciamiento Civil, para la cancelación de los cuales precisaba una orden del tribunal. Como el aviso de demanda que se trataba de cancelar en el caso de *Calderón* había sido anotado mediante mandamiento judicial, dijimos entonces que precisamente por los fundamentos expuestos en el caso invocado por el Registrador, procedía la cancelación

que él denegaba. No era necesario entonces, como lo es ahora, revocar el caso de *Fernández,* supra, para la correcta resolución del recurso.

Se presenta ahora la necesidad de revisar la jurisprudencia y así lo hacemos, opinando, por las razones expuestas, que el caso de *Fernández* v. *Registrador* debe entenderse expresamente revocado, y siendo entonces de aplicación al de autos la jurisprudencia establecida en el de *Morales* v. *Registrador, procede declarar con lugar el recurso, revocar la nota recurrida y ordenar que se practiquen las cancelaciones de las anotaciones, antes mencionadas.*